**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**CITIZENS ICE & FUEL COMPANY, Inc., Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellant.

T. E. Mahan, Williamsburg, for appellee.

DAVIS, Commissioner.

This appeal is here pursuant to Motion for Appeal, KRS 21.080, and presents the question whether it was proper for the trial court to allow appellee interest of $431.86 in the judgment entered pursuant to mandate of this Court in Commonwealth, Department of Highways v. Citizens Ice & Fuel Company, Ky., 365 S.W.2d 113. Appellee has not filed brief. Pursuant to RCA 1.260(c) (2) we reverse the judgment as the appellant's brief reasonably appears to sustain such action. The Motion for Appeal was sustained because we felt the issue involved should be resolved for the guidance of bench and bar, hence we briefly state the nature of the controversy.

In this condemnation proceeding pursuant to KRS 177.081, et seq., the Department duly made deposit in the hands of the Clerk of the Whitley County Court of $1972.00, the amount reported as due by the commissioners in that tribunal. KRS 177.086 (2) (c). The county court judgment, entered September 9, 1959, adjudged that the Department had the right to condemn. The Department took possession of the condemned property before the litigation was concluded.

On appeal to the Whitley Circuit Court, by the *first* judgment, the amount of award was increased to $2500.00; interest at 6% per annum on the $528 increase was awarded appellee in that judgment, to be computed from September 9, 1959, (date of the county court judgment) until paid. The trial court then sustained appellee's motion for a new trial, following which the *second* judgment was entered in the Whitley Circuit Court; the award on the second trial was $5000.00. The judgment allowed interest at the same rate from date of the county court judgment until paid, on the increase of $3028.00. It was the second judgment which was reversed upon the first appeal to this Court; see 365 S.W.2d 113. Our mandate directed that the first verdict be reinstated and a new judgment entered upon it.

The trial court complied with that mandate, but varied the judgment as it affects the computation of interest. This appeal challenges the judgment in that respect. The trial court found as fact, in the judgment before us now, that the Whitley County Court Clerk had refused to pay to appellee the $1972.00 originally deposited by the Department, until May 3, 1963. The trial court then further found that " * * * it was the duty of * * * (Department) * * * to see that the said clerk paid said sum to defendant after deposit with said clerk." Accordingly, the trial court adjudged that the present appellee recover interest at 6% per annum from September 9, 1959, to May 3, 1963, on the $1972.00 originally deposited by the Department. This was error.

The Department had no duty to tender any order in the county court providing for payment to the condemnee; its duty in that respect was fulfilled when it paid in the money. Here there is no claim that the condemnee apprised the Department of its difficulty in obtaining the deposit—and even had there been such notice to the Department, we doubt that it would have served to impose a duty on the Department to practice the case for the condemnee.

The judgment is reversed with directions to enter judgment in all respects the same as the judgment appealed from except that no allowance shall be made for interest in any amount upon the sum of $1972.00 paid into the Whitley County Court by the Department.